**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116917

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Keun Hyung Lee, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Alltran Financial, LP and LVNV Funding, LLC, | |
| Defendants. | |

Keun Hyung Lee, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Alltran Financial, LP and LVNV Funding, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.     Plaintiff Keun Hyung Lee is an individual who is a citizen of the State of New York residing in Queens County, New York.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant Alltran Financial, LP, is a Texas Limited Partnership with a principal place of business in Harris County, Texas.

9.     On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

10.     Defendants regularly collect or attempt to collect or cause to collect debts asserted to be owed to others.

11.     Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12.     The principal purpose of Defendants' business is the collection of or causing collection of such debts.

13.     Defendants use or cause to use the mails in its debt collection business.

14.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

15.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

16.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors.  *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

17.    To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18.    As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA.  *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

19.    Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

20.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA.  *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).  Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

21.    The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense.  15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).  Likewise, "the degree of a defendant's culpability may only be considered in computing damages."  *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA to establish civil liability against the debt collector.  *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

22.    Defendants allege Plaintiff owes a debt ("the Debt").

23.    The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24.    The alleged Debt does not arise from any business enterprise of Plaintiff.

25.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.    At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

27.    At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

28.    In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated September 13, 2018. ("**Exhibit 1**.")

29.    The Letter conveyed information regarding the alleged Debt.

30.    The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.    The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

32.    The Letter was received and read by Plaintiff.

33.    15 U.S.C. § 1692g protects Plaintiff's concrete interests.  Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector.  As set forth herein, Defendants deprived Plaintiff of this right.

34.    15 U.S.C. § 1692e protects Plaintiff's concrete interests.  Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants.  As set forth herein, Defendants deprived Plaintiff of this right.

35.    The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

36.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

38.     15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

39.     15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

40.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

41.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

42.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

43.     A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

44.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

45.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

46.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

47.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

48.     Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

49.     Threatening to take legal action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

50.     Threatening to take legal action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

51.     The Letter threatens legal action against Plaintiff.

52.     The Letter provides: "Your account has been assigned to Alltran Financial, LP for collection as a pre-legal account."

53.     The Letter contains no statement pertaining to Plaintiff's rights following the legal threat.

54.     The Letter fails to advise that such legal threat does not override the Plaintiff's right to dispute the alleged Debt.

55.     The Letter fails to advise that such legal threat does not override the Plaintiff's right to request validation of the alleged Debt.

56.     The Letter fails to advise that such legal threat does not override the Plaintiff's right to request the name and address of the original creditor.

57.     The least sophisticated consumer, upon reading such legal threat, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless face legal action.

58.     The least sophisticated consumer, upon reading such legal threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could face legal action even during the verification process.

59.     Defendant placed the required validation notice in the body of the Letter, in the same font, font size, and typeface as the rest of body.

60.     The required validation notice, relative to other language in the Letter, is visually inconspicuous.

61.     The required validation notice cannot be readily discerned from the rest of the language in the Letter.

62.     The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the required validation notice.

63.     The Letter does not otherwise direct the consumer's attention to the required validation notice in any way.

64.     The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to her rights.

65.     The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to her rights.

66.     The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook her rights.

67.     The letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

68.     The letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

69.     The letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

70.     The letter is structured in such a way that it discourages Plaintiff from reading her validation rights.

71.     Because Plaintiff's validation rights are set forth in an inconspicuous manner, the least sophisticated consumer is less likely to realize that such rights are not affected by Defendants' legal threat.

72.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

73.     As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

74.     As a result of the foregoing, such legal threat would likely make the least sophisticated consumer confused as to her rights.

75.    As a result of the foregoing, such legal threat would likely make the least sophisticated consumer uncertain as to her rights.

76.    Defendants violated 15 U.S.C. § 1692g(b) as such legal threat overshadows the disclosure of the consumer's right to dispute the alleged Debt.

77.    Defendants violated 15 U.S.C. § 1692g(b) as such legal threat overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

78.    Defendants violated 15 U.S.C. § 1692g(b) as such legal threat overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

79.    Defendants violated 15 U.S.C. § 1692g(b) as such legal threat is inconsistent with the disclosure of the consumer's right to dispute the alleged Debt.

80.    Defendants violated 15 U.S.C. § 1692g(b) as such legal threat is inconsistent with the disclosure of the consumer's right to request validation of the alleged Debt.

81.    Defendants violated 15 U.S.C. § 1692g(b) as such legal threat is inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

82.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

83.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

84.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

85.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

86.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

87.    The least sophisticated consumer could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless face legal action.

88.     The least sophisticated consumer, upon reading such legal threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could face legal action even during the verification process.

89.     Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. §§ 1692e and 1692e(10).

90.     Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

91.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and are liable to Plaintiff therefor.


**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**

92.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

93.     15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

94.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

95.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

96.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

97.      15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

98.      Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

99.      A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

100.      A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

101.      A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

102.      A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

103.      A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

104.      A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

105.      The Letter buries the required validation notice within its text.

106.      The required validation notice is contained in running text within the body of the Letter, in the same font size, style, color and case as the rest of text, in the body of the Letter.

107.      The Letter contains the debt collection notice in a center aligned format, which diverts the attention away from the validation notice.

108.      The Letter further diverts the Plaintiff's attention by putting the settlement offers' bulleting in an enlarged and highlighted numbering.

109.      The Letter in addition states in a capitalized, bolded, enlarged and center aligned formatting, "**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**."

110.      However, the reverse side does not contain the required validation notice.

111.      The validation notice is in fact buried within the body of the Letter, on the first

page.

112.    The 15 U.S.C. § 1692g rights, relative to the other language in the Letter, are visually inconspicuous.

113.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the body of the Letter.

114.    The 15 U.S.C. § 1692g rights cannot be readily discerned from the rest of the deemphasized writing in the Letter.

115.    The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiff's attention to the 15 U.S.C. § 1692g rights.

116.    The Letter does not otherwise direct the consumer's attention to the 15 U.S.C. § 1692g rights in any way.

117.    There is no transitional language directing the reader to the 15 U.S.C. § 1692g rights.

118.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading it.

119.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

120.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading them.

121.    While other information in the Letters is set forth conspicuously, the 15 U.S.C. § 1692g rights are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

122.    The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

123.    The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

124.    The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

125.    The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

126.    The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

127.    The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

128.    The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

129.    The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

130.    The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

131.    The Letter is structured in such a way that it makes Plaintiff's validation rights difficult to read and easy to overlook.

132.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear as boilerplate language.

133.    The Letter is structured in such a way that it makes Plaintiff's validation rights appear unimportant.

134.    The Letter is structured in such a way that it discourages Plaintiff from reading his validation rights.

135.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

136.    As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

137.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

138.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

139.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

140.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

141.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

142.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

143.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

144.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

145.    Plaintiff seeks to certify a class of:

> All consumers to whom Defendants sent or caused to send a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

146.    This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

147.    The Class consists of more than thirty-five persons.

148.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

149.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their

interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

150.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

151.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.    Certify this action as a class action; and

b.    Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.    Find that Defendants' actions violate the FDCPA; and

d.    Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.    Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.    Grant Plaintiff's costs; together with

g.    Such other relief that the Court determines is just and proper.

DATED: September 11, 2019

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116917

